## John B. Francis *v.* A. B. Lyman.

**New Trial—Diligence.**

Where four months elapsed after defendant was served with summons before he was hurt by being thrown from a wagon, during which time he made no effort to prepare his defense and made none after his injury, but asked a continuance on the ground of not being able to attend the trial, sufficient diligence is not shown, and a new trial was properly denied.

APPEAL FROM MADISON CIRCUIT COURT.

September 12, 1873.

OPINION BY JUDGE PETERS:

At the March term, 1871, of the Madison Circuit Court, appellee recovered a judgment against appellant for $126 and the costs of the action, subject to a credit of nine dollars, and this suit in equity is brought to set aside that judgment and to obtain a new trial. In his petition appellant alleges that the original action was brought against him by appellee on an account for medical services claimed to have been rendered by him for appellant and his family during the

years 1857, 1860, 1862, 1863, 1864 and 1866, a bill of particulars of which was filed in that action, and he alleges that at the time that action was instituted against him he did not owe and was not indebted to appellee in the sum claimed by him, nor any other sum of money for medical services rendered to himself and family, nor on any other account whatever. That at the time of the trial he resided in the County of Lincoln, a distance of thirty-eight miles from Richmond, where the judgment was rendered, that he was prevented from attending the court and defending the action by unavoidable casualty and misfortune. That a short time before the trial of the case he was thrown from a wagon, and was so seriously injured thereby that he was unable to go to Richmond and make his defense. The action was brought against appellant on the 2d of November, 1870, and the summons was served on him on that day, and judgment was rendered against him by default on the 29th of March, 1871. On the 22d of the last named month he addressed a letter to his attorney, in which he states he fell from a wagon some three weeks before, and had been a cripple ever since, that he was anxious to go to Richmond to defend the suit, and would be there on the Friday after the date of his letter if he was able, and if he should not be able to go he requested his lawyer to have the case continued, stating that he had a good defense to the action, and had papers and receipts which would show that the plaintiff ought not to recover against him. The letter was sworn to, and Roberson, the justice of the peace who administered the oath, states that appellant walked to his house from home on that occasion, a distance of about one-half mile, over a level, smooth way, or rather that he did not see any horse or buggy and therefore concluded he walked, but he was lame, walked with a stick, and seemed to be suffering some. Miller, the deputy sheriff of Lincoln County, proves that he executed notice on appellant in the town of Stanford, two and a half or three miles from which he lived, on the 16th of March, 1871, and he met him on the street, where he executed the notice.

From the date of the service of the summons until appellant received the injury was nearly four months; during that time he made no effort to prepare to defend the action, and even after he was hurt he could have sent and had a copy of the petition, prepared his answer at home, or had it sent to his attorney with the names

of his witnesses, who could have had them summoned and then if he was unable to attend the court and his presence was necessary, he could have sent his affidavit stating he was unable to attend, and the court doubtless would have continued the cause. But none of these obviously necessary steps in the preparation of his case were taken, and there is a failure to show any diligence whatever on the part of appellant to prepare for the trial of the case. Besides, from all the evidence in this case, and we may conclude that both parties adduced all the evidence they could on the issue, if a new trial had been awarded, it is far from being certain that the result would not be the same. The judgment must be *affirmed*.

*Bennett*, for appellant.

*McCreary*, for appellee.